IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HUGO GARCIA-ALVARADO,  Case No. 3:11-cv-00567-HZ

    Petitioner,  OPINION AND ORDER

  v.

RICK COURSEY,

    Respondent.

NELL BROWN
Office of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204

    Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
NICHOLAS M. KALLSTROM
Oregon Department of Justice
1162 Court Street, NE
Salem, OR  97301

    Attorneys for Respondent

1 - OPINION AND ORDER

Hernandez, District Judge.

Petitioner, in custody of the Oregon Department of Corrections when this action was filed, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He raises one claim, alleging he was denied the effective assistance of trial counsel when counsel inadequately argued a motion for judgment of acquittal on Count 3, charging Sexual Abuse in the First Degree for touching the victim's breast. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#8) is DENIED, and this proceeding is dismissed with prejudice.

## BACKGROUND

On December 9, 2005, Petitioner was indicted in Washington County, Oregon, on seven counts following an incident with a woman occurring on or about August 5, 2005, and a second incident with a juvenile occurring on or about October 5, 2005. Petitioner was charged with Kidnapping in the First-Degree (Count 1); Sexual Abuse in the First Degree (Counts 2 and 3), and Attempted Rape (Count 4) relating to the first incident; and Attempted Kidnapping in the First Degree (Counts 5-6), and Attempted Sexual Abuse in the First Degree (Count 7) relating to the second incident. (#18, Ex. 102)

In May 2006, Petitioner was tried in a bench trial and found guilty by court verdict of one count of Kidnapping in the Second Degree (a lesser included offense to Count 1), and of two counts of

Sexual Abuse in the First Degree (Counts 2 and 3) relating to the incident on August 5, 2005. (#18, Ex. 118.) The court granted trial counsel's motion for judgment of acquittal on Counts 4, 5, and 6, and reduced Count 5 to Attempted Kidnapping in the Second Degree. (*Id.*) Petitioner was found not guilty by court verdict on Counts 5 and 7. (*Id.*) The Court sentenced Petitioner under Measure 11 to a total of 75 months imprisonment, with the terms of imprisonment on Counts 1, 2, and 3 running concurrently. (#18, Ex. 101.)

Petitioner directly appealed his conviction. However, the Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. (#18, Exs. 109, 108.)

With the assistance of counsel, Petitioner filed a Formal Petition for Post-Conviction Relief ("PCR") raising claims of trial court error and ineffective assistance of trial and appellate counsel. (#18, Ex. 110.) The PCR court denied relief on all claims. (#18, Ex. 137.) Petitioner appealed, raising a single claim of ineffective assistance of trial counsel, alleging counsel inadequately argued there was insufficient evidence to support a conviction for Sexual Abuse in the First Degree as charged in Count 3. (#18, Ex. 138.) The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. (#18, Ex. 142, 141). Judgment issued April 1, 2011. (#18, Ex. 142.)

3 - OPINION AND ORDER

Petitioner's Amended Petition for Writ of Habeas Corpus is before the Court. Petitioner presents one ground for relief, alleging he was denied the effective assistance of trial counsel when counsel inadequately argued there was insufficient evidence presented by the State to support a guilty verdict on Count 3, Sexual Abuse in the First Degree. With the assistance of appointed counsel, Petitioner also raises a free-standing claim of actual innocence in his supporting memorandum.

## DISCUSSION

I.  *Claim Not Alleged in the Amended Petition for Writ of Habeas Corpus*

Petitioner raises a free-standing claim of actual innocence in his supporting memorandum, citing *Herrera v. Collins*, 506 U.S. 390 (1993). (#31, at 11.) Respondent argues in his Reply that the free-standing claim of actual innocence was not presented in the Amended Petition and is, therefore, not properly before the court. (#35, at 2.) The Court agrees.

Rule 2(c) of the Rules Governing Section 2254 Habeas Petitions provides, in relevant part, that a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 must: (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground. Upon review of the Amended Petition, the Court finds Petitioner did not raise a claim of actual innocence. Therefore, the claim raised in the memorandum is not

4 - OPINION AND ORDER

properly before the court and, accordingly, will not be considered.[1]  *See Green v. Henry*, 302 F.3d 1067, 1070 n.3 (9th Cir. 2002)(claims not in the petition need not be considered); *Marquette v. Belleque*, 2010 WL 4235889, *2 (D.Or. Oct. 20, 2010)(same).

III. *The Merits*

Petitioner presents a claim of ineffective assistance of trial counsel, alleging counsel's representation was constitutionally deficient because counsel "failed to adequately argue in his motion for judgment of acquittal that there was insufficient evidence presented by the state to sustain a guilty verdict on one of the counts of sexual abuse in the first degree [Count 3]."  (#8, at 4.) Respondent argues the state adjudication of this claim is entitled to deference and habeas relief is not warranted.

A. <u>Standards</u>

Following passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus shall not be granted unless the adjudication on the merits in State court was:

> (1) contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

---

[1] The Court has, nevertheless, reviewed the record as to the claim of innocence and finds it would not entitle Petitioner to relief.

5 - OPINION AND ORDER

> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In *Williams v. Taylor*, 529 U.S. 362, 386-389 (2000), the Supreme Court construed this provision as requiring federal habeas courts to be highly deferential to the state court decisions under review. In *Cullen v. Pinholster*, ___ U.S. ___; 131 S.Ct. 1388, 1398-1402 (April 4, 2011), the Court reiterated the highly deferential nature of federal habeas review, and limited federal review "to the record that was before the state court that adjudicated the claim on the merits."

The terms "contrary to" and "unreasonable application" have independent meanings. *Sarausad v. Porter*, 479 F.3d 671, 676 (9th Cir. 2007). A state court decision is "contrary to" clearly established federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent. *Williams, v. Taylor*, 529 U.S. 362, 388 (2000). An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) *cert. denied*, 126 S. Ct. 484 (2005)(citing *Williams*, 529 U.S. at 413). "A federal court making an 'unreasonable application' inquiry should ask whether the state court's application of federal

6 - OPINION AND ORDER

law was objectively unreasonable." *Saurasad*, 479 F.3d at 676-77 (citing *Williams*, 529 U.S. at 409). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly." *Woodford*, 537 U.S. at 24-25 (2002)(internal citations omitted). "[A] habeas court must determine what arguments or theories ... could have supporte[d] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 562 U.S. ___, ___, 131 S.Ct. 770, 786 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.*, quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002). The decision of the state PCR trial court is the basis for review in the instant proceeding.

"'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974.

7 - OPINION AND ORDER

It is well established that a claim of ineffective assistance of counsel is governed by the principles articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Pinholster*, 131 S.Ct. at 1403. Under *Strickland*, a petitioner must prove: 1) counsel's performance fell below an objective standard of reasonableness and, 2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91; *Strickland*, 466 U.S. at 687-88. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686. "Judicial scrutiny of counsel's performance must be highly deferential," *id*. at 689, and "a court must indulge [the] strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment." *Pinholster*, 131 S.Ct. at 1407 (quoting *Strickland*) (internal quotation marks omitted.) The reasonableness of counsel's conduct must be evaluated in light of the facts of the case and the circumstances at the time of representation. *Strickland*, 466 U.S. at 690. In addition, a doubly deferential standard of review applies to

8 - OPINION AND ORDER

federal habeas review of ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 1420 (2009); *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010) (deference under § 2254 and deference under *Strickland*).

    B.   <u>Analysis</u>

Petitioner argues that the state "[PCR] court decision finding that counsel was not ineffective was an unreasonable determination of the facts in light of the record before the court," and an unreasonable application of *Strickland*. (#31, at 11.) The Court disagrees.

The state PCR trial court denied relief on Petitioner's claims by adopting the PCR Defendant's brief "as the appropriate rendition of the arguments." (#18, Ex. 136 at 36.) In its general judgment the PCR trial court reiterated that it was adopting the PCR Defendant's legal arguments and that "facts inconsistent with the Petitioner's are decided against Petitioner." (#18, Ex. 137 at 2.) The PCR Defendant's summary of the argument against granting relief on the claim at issue here specified: "The evidence presented at trial supported the element of forcible compulsion for the Sexual Abuse I charge in Count 3." (#18, Ex. 128 at 10.) The PCR Defendant characterized the evidence presented at trial as follows: Petitioner had driven Ms. Postell and her infant son past her stated destination to a side-street; Petitioner had locked the door

9 - OPINION AND ORDER

to his van and climbed into the back seat where the victim was sitting and holding her son; Petitioner had touched Ms. Postell - kissing her, touching her breasts and forcing his hands between her legs; Petitioner had let Ms. Postell out of the van only after she said she would meet him later; testifying about the incident, Ms. Postell stated that she was thinking about her son and worried about what Petitioner might do to him and to her. (*Id*. at 12.) Citing to trial counsel's PCR affidavit, the PCR Defendant also argued trial counsel did not allege in his Motion for Judgment of Acquittal that the touching of the breast was not done with forcible compulsion because counsel felt there was enough evidence in the record to support that element. (*Id*. at 11.) In summary, the PCR Defendant argued:

> As the preceding review of the evidence demonstrates, trial counsel was correct. Ms. Postell had been taken by petitioner to a place that was where he wanted to go, not where she expected to go. Petitioner locked her inside the van with him. He then began to sexually abuse her. She was afraid for her son and did not know what he might do. She felt that he might hit her. All this satisfies the elements of "forcible compulsion" as defined in ORS 163.305(2)(b).
>
> Petitioner does not prove that trial counsel was inadequate for failing to raise the issue of forcible compulsion in connection to Count 3. Nor does he demonstrate that he suffered any prejudice, because such a motion could not have been granted by the court, given the evidence presented by the state.

(*Id*. at 11-12.)

To prevail under *Strickland*, a petitioner must present

10 - OPINION AND ORDER

evidence that counsel's performance fell below objective standards of reasonableness, and that he was prejudiced as a result of counsel's deficiencies. In adopting the legal arguments in the PCR Defendant's brief, the PCR trial court found Petitioner had not satisfied his burden under *Strickland*. Upon review of the PCR record, the Court concludes the PRC Court's finding is supported by the PCR record and not objectively unreasonable.

Petitioner has failed to show that the PCR trial court's adjudication of his ineffective assistance of counsel claim was contrary to or an unreasonable application of *Strickland*, or based on an unreasonable determination of the facts in light of the evidence presented. Habeas relief is, therefore, precluded.

## **CONCLUSION**

The Amended Petition for Writ of Habeas Corpus (#8) is DENIED, with prejudice. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this   5th   day of October, 2012.

/s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge

11 - OPINION AND ORDER